# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA LEVITZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-3929 |
| | § | |
| ALICIA'S MEXICAN GRILLE INC., ALICIA'S | § | |
| MEXICAN GRILLE #2 INC., ALICIA'S | § | |
| MEXICAN GRILLE #3 INC., ALICIA'S | § | |
| MEXICAN GRILLE #4 INC., DARIO'S | § | |
| RESTAURANT INC., GALIANA BAKERY, | § | |
| INC., MARVINO'S RESTAURANT, INC., AND | § | |
| DAVID HERRERA, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants Alicia's Mexican Grille Inc.'s, Alicia's Mexican Grille #2 Inc.'s, Alicia's Mexican Grille #3 Inc.'s, Alicia's Mexican Grille #4 Inc.'s, Dario's Restaurant Inc.'s, Galiana Bakery, Inc.'s, Marvino's Restaurant, Inc.'s, and David Herrera's motion to dismiss (Dkt. 19) pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff Monica Levitz has not responded. Under local rule 7.4, this "[f]ailure to respond . . . will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After reviewing the motion and applicable law, the court is of the opinion that the defendants' motion should be GRANTED.

## I. BACKGROUND

On October 10, 2019, this court issued its standard order requiring, among other things, that the parties confer to draft a scheduling order and a joint discovery/case management plan and submit them to the court by December 27, 2019. Dkt. 2. The deadline was extended to January 24, 2020, and then extended again to November 20, 2020 when, in early November, the court's

case manager realized the parties had still not submitted the documents.  Dkt. 19-1 at 2.  Levitz's attorney apologized and promised to "get those on file next week."  *Id.* at 1.  The documents have still not been submitted to the court.

The record shows that Levitz's attorney sent a draft of the proposed scheduling order to the defendants' attorneys at the end of December but failed to engage substantively with the defendant's attorneys ever again.  Levitz's attorney made the following commitments in response to repeated requests and draft documents sent by the defendants' attorneys:

- "I will get back to you this afternoon." (February 13, 2020)

- "I am in trial.  Will get back to you when done." (February 26, 2020)

- "I will review and contact you tomorrow." (March 9, 2020)

- "I will look at the deadlines, make the adjustments, and get the documents back to you." (March 18, 2020)

- "I will review and revert." (June 1, 2020)

Dkt. 19-2.  None of these commitments were ever fulfilled. Except for the assurance he gave to the court's case manager in early November 2020, the record shows no communications from Levitz's attorney since June.  Throughout their communications, the defendants' attorneys remained diligent and respectful.

Additionally, the defendants filed a 12(b)(6) motion to dismiss on December 26, 2019. Dkt. 15.  Levitz never responded.  This dynamic played out again with the instant motion, which was filed on December 14, 2020, and which never received a response.  Dkt. 19.  The last docket entries attributable to Levitz were submitted on December 3, 2019.  *See* Dkts. 3–11 (requests for issuance of summonses).

## II. LEGAL STANDARD

A district court has the authority to dismiss a case on a defendant's motion "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)).  Such a dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879–90 (5th Cir. 1996).  Dismissals with prejudice, however, require (1) "a clear record of delay or contumacious conduct by the plaintiff," as well as (2) a determination "that lesser sanctions would not prompt diligent prosecution," or a showing that "the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote and citations omitted).  In the Fifth Circuit, the first prong is generally held to require the presence of "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (alteration in original) (citing *Price v. McGlathery*, 792 F.2 472, 474 (5th Cir. 1986) (per curiam)); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2370.1 (2020).

## III. ANALYSIS

It is clear from the facts and the docket that Levitz has not complied with the court's October 10, 2019 order requiring that she submit a certificate of interested parties and work with the defendants to complete and submit a scheduling order and a joint discovery/case management plan.  It is also clear from her failure to submit responses to pleadings and her attorney's failure to engage in a meaningful and productive way with the defendants' attorneys, that she is not actively

prosecuting this case.  Both are grounds for dismissal under Rule 41(b).  *See* Fed. R. Civ. P. 41(b).
Moreover, "failure to respond to a motion to dismiss for failure to prosecute may be a particularly
aggravating factor that will weigh heavily in the judge's decision . . . ."  Wright & Miller, *supra*,
§ 2370, at 829.  Therefore, the court finds that dismissal is warranted.

 The only remaining question is whether Levitz's suit should be dismissed with or without
prejudice.  In order to dismiss with prejudice, the court must be satisfied that at least one of the
aggravating factors enumerated above is present in this case.  *See Berry*, 975 F.2d at 191.  The
defendants have not claimed, and there is no indication in the record, that Levitz herself is
responsible for the delay in this case.  Nor have the defendants claimed or otherwise shown that
they were actually prejudiced by the delay.  Finally, there is no indication that the delay was caused
by intentional conduct.  From a review of the emails provided by the defendants, the court finds
that it is much more likely that Levitz's counsel was careless, lacked diligence, or was otherwise
distracted.  Because it does not find that any of the aggravating factors are present in this case, the
appropriate sanction here is dismissal without prejudice.

## IV. Conclusion

 The defendants' motion to dismiss (Dkt. 19) is GRANTED.  Accordingly, all of Levitz's
claims against the defendants are DISMISSED WITHOUT PREJUDICE.

 Signed at Houston, Texas on February 8, 2021.

_____
Gray H. Miller
Senior United States District Judge

4